IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

TRACY DAVIS,

      **Plaintiff,**

v.                                         Case No. 1:15-cv-00743-JAP-WPL

GARDNER TURFGRASS, INC.,
and GILBERT JONES,

      **Defendants.**

## MOTION FOR PROTECTIVE ORDER

Defendant GARDNER TURFGRASS, INC. ("GTI") moves for a protective order vacating Plaintiff TRACY DAVIS' ("Plaintiff") Notice of Deposition to GTI's officer/employee, Stan Gardner ([Doc. 36-2], for April 6, 2016, in Albuquerque, NM. GTI further moves the Court for its order directing that any deposition of Gardner be scheduled in Denver, Colorado, GTI' principal place of business and near where Gardner resides. Alternatively, we move the Court to order that Gardner's deposition be taken via alternative means, such teleconference or videoconference. As grounds for this motion, GTI states:

### I. BACKGROUND

1.     GTI is a Colorado corporation with its principal place of business located in Westminster, Colorado, a suburb of Denver, Colorado. *See,* **Exhibit A,** Affidavit of Stan Gardner ("Gardner Affidavit"), at ¶ 2.

2.     Gardner is Vice President of GTI, and resides in Broomfield, Colorado. *Id.,* at ¶¶ 3-4.

3.     Gardner is not a defendant in this action.

4. GTI operates two farms in McIntosh and Santa Teresa, New Mexico, in addition to its Colorado locations. *Id.,* at ¶ 5.

5. GTI employed Plaintiff at its McIntosh, New Mexico farm. *Id.,* at ¶ 6.

6. Human resources functions for all GTI locations during Plaintiff's employment were and continue to be conducted out of GTI's Colorado headquarters. *Id.,* at ¶ 7.

7. On February 23, 2016, Plaintiff noticed Gardner's deposition for 9:30 a.m. on April 6, 2016, at The Jaffe Law Firm's offices located in Albuquerque, New Mexico. *See,* Notice of Deposition dated 2/23/16 [Doc 36-2].

8. GTI asserts that Gardner must be deposed at GTI's principal place of business in Colorado or where he resides, also in Colorado.

9. Plaintiff asserts that Gardner must be deposed in Albuquerque, New Mexico where Plaintiff filed her pending lawsuit.

10. The parties have had multiple communications regarding Gardner's proposed deposition, but have not been able to agree on the date or venue for Gardner's deposition.

11. On March 18, 2016, GTI explained to Plaintiff why it would place undue hardship upon Gardner to appear for his deposition in New Mexico. GTI therefore offered to present Gardner for his deposition via videoconference from Colorado on August 1, 2016. *See,* **Exhibit B,** e-mail dated 3/18/16, from Jackson Lewis, P.C. to Susan G. Chappell Law Firm.

12. GTI explained that it is in the process of selling its New Mexico farms, and Gardner is managing the New Mexico operations from GTI's Colorado headquarters. *Id; see, also,* Exhibit A, Gardner Affidavit, at ¶ 8.

13. There are only three employees at GTI's Colorado headquarters, and Gardner is the only employee with sufficient experience to manage its day-to-day operations, including

scheduling cut sheets, delivery sheets, and everything else related to sod sales for the Colorado and McIntosh, New Mexico operations. There is no office manager at GTI's McIntosh, New Mexico farm. *Id.,* at ¶¶ 9-10.

14. These duties are in addition to Gardner's duties as Vice President of GTI, 4including being the direct report for its operations. *Id.,* at ¶ 11.

15. GTI offered to make Gardner available on Friday, April 1, 2016, beginning at 10:00 a.m., so he could fulfill any remaining orders for the week prior to his deposition. Orders for the following week come in over the weekend for fulfillment on the following Monday. *See,* Exhibit B; *see, also,* Exhibit A, Gardner Affidavit, at ¶ 12.

16. April 2016 is part of the busiest season for GTI during which it generates up to half of its annual income in the spring months, and GTI simply cannot afford to have Gardner absent from the workplace for an extended period of time to provide a deposition in Albuquerque, New Mexico. *Id.,* at ¶ 13.

17. GTI's offer to make Gardner available on April 1, 2016 for his deposition is both reasonable and necessary to GTI's continuing business operations, and will permit Plaintiff to complete her necessary discovery without undue hardship to GTI.

18. Plaintiff rejected GTI's offer and insists that Gardner attend his deposition in New Mexico. *See,* **Exhibit C,** e-mail dated 3/21/16 from The Jaffe Law Firm to Jackson Lewis, P.C.

19. Plaintiff has agreed to take the deposition of Defendant Gilbert Jones, who resides in Virginia, via videoconference on April 11, 2016. *See,* **Exhibit D,** Amended Notice of Deposition of Gilbert Jones via Skype, and Stenographic Means.

20. GTI has conferred in good faith with Plaintiff to resolve this dispute regarding Gardner's deposition without court action.

21. Gardner's deposition should proceed in Westminster, Colorado or, alternatively, via teleconference for the good cause shown in this motion.

## II. ARGUMENT

### A. Depositions of Out-of-State Deponents Should be Taken Where They Reside.

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. Rule 26(c). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action. *Id.* The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the discovery, specifying the terms for the discovery, or prescribing a method other than the one selected by the party seeking the discovery. *Id.*

Although an examining party generally designates the location for the deposition of another party under the Federal Rules of Civil Procedure, a court may grant a protective order to appoint a different place pursuant to Rule 26(c). *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (10th Cir. 2004). The trial court has great discretion in establishing the time and place of a deposition. *Id.* Because the plaintiff has greater influence over the choice of forum, courts are more willing to protect defendants from having to come to the forum for their deposition then they are in the case of plaintiffs. *Id.*

> [I]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party.

*Id., see, also, WIHO, LLC v. Hubbauer*, 2013 U.S. Dist. LEXIS 162172 , at 2-3 (D. Kan. 2013). Further, "deposition of a corporation by its agents and officers should ordinarily be taken at its

principal place of business. *See, Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir. 1995).

Plaintiff has noticed Gardner's deposition for April 6, 2016 in Albuquerque, New Mexico. Gardner is an officer of GTI and is not a defendant in this action. GTI is a Coloardo corporation with its principal place of business in Colorado. Gardner is a resident of Colorado. Gardner therefore must be deposed at GTI's principal place of business or where he resides in Colorado. No exceptional or unusual circumstances exist which would compel Gardner's deposition in New Mexico.

GTI nonetheless has offered to make Gardner available for his deposition on April 1, 2016 via videoconference from Colorado. Plaintiff has rejected GTI's offer. Rule 26(c) permits the taking of depositions by telephone or "other remote means." *See,* Rule 26(b)(4). The *WIHO* court construed this provision to include depositions by videoconference. *See, WHIO,* 2013 U.S. Dist. LEXIS 162172, at 5. Holding depositions via videoconference "addresses the concerns associated with telephonic depositions, such as depriving the opposing party of the opportunity for face-to-face confrontation or the opportunity to evaluate the deponent's nonverbal responses or demeanor." *Id.* In fact, Plaintiff already has agreed to depose defendant Jones via Skype from his residence in Virginia. *See,* ¶ 19, *supra.* GTI therefore requests that the notice of Gardner's deposition currently set for April 6, 2016 in Albuquerque be quashed, and Plaintiff be compelled to take Gardner's deposition via videoconference from Colorado on April 1, 2016 or another date agreed to by the parties.

**B. Holding Gardner's Deposition in Albuquerque Would Subject GTI to Undue Hardship.**

As discussed above, Rule 26(c) permits a party to move for a protective order if a deposition would subject a party to undue burden or expense. Again, GTI's headquarters is in

Colorado and Gardner resides in Colorado. *See,* ¶¶ 1-2, *supra.* Human resources functions for all GTI employees were and continue to be conducted out of its headquarters in Colorado. *See,* at ¶ 6. GTI is in the process of selling its New Mexico farms, and Gardner is managing the New Mexico operations from GTI's Colorado headquarters. *See,* ¶12. Gardner is the only employee in GTI's Colorado headquarters with sufficient experience to manage its day to day operations, including scheduling cut sheets, delivery sheets, and everything else related to sod sales for its Colorado and McIntosh, New Mexico operations, and there is no office manager in McIntosh. *See,* ¶ 13. Gardner performs these sales and customer service duties in addition to his duties as Vice President of GTI. *See,* ¶ 14. April is part of the busiest part of the season for GTI wherein it generates up to half of its annual income and GTI cannot afford to have Gardner absent from the workplace for an extended period of time to give his deposition in Albuquerque. *See,* ¶ 16. Allowing Gardner to provide his deposition on Friday, April 1, 2016 beginning at 10:00 a.m. via videoconference will permit Gardner to fulfill GTI's remaining orders for the week prior to his deposition. *See,* ¶ 15, *supra.* Orders for the following week come in over the weekend for fulfillment on the following Monday. *Id.*

Plaintiff may argue that Gardner could fly to Albuquerque for one day without disruption to GTI's business operations. However, Plaintiff does not account for the time necessary for Gardner to prepare for his deposition. It would be both inconvenient and expensive to have GTI's counsel fly into Colorado to prepare Gardner for his deposition, and then fly back to New Mexico with Gardner for his deposition. If Gardner drove to New Mexico for his deposition, he would require two days of travel, a day for preparation, and a day for his deposition, for total of four days out of the workplace. Based on the foregoing, compelling Gardner to appear for his deposition in Albuquerque would subject GTI to undue hardship and disruption of its business

operations. GTI's offer to present Gardner for his deposition via videoconference from Colorado is reasonable, convenient, and economical for the parties. Plaintiff has already agreed to take defendant Jones' deposition from Virginia via Skype. *See,* Exhibit D. No exceptional or unusual circumstances exist which would compel Gardner's deposition in New Mexico. Plaintiff should be compelled to depose Gardner in Colorado or, alternatively, via videoconference from Colorado.

### III. PRAYER

WHEREFORE, GTI respectfully requests this Court's order:

A. quashing Plaintiff's notice of deposition to Gardner for his deposition on April 6, 2016 in Albuquerque.

B. alternatively, compelling Plaintiff to depose Gardner in Colorado; or

C. compelling Plaintiff to take Gardner's deposition via videoconference from Colorado on April 1, 2016 beginning at 10:00 a.m., or another time agreed upon by the parties; and

D. awarding such other and further relief as the Court deems just and appropriate.

JACKSON LEWIS P.C.

By: _____
Victor P. Montoya
4300 San Mateo Blvd. NE, Ste. B-260
Albuquerque, NM 87110
montoyav@jacksonlewis.com
(505) 878-0515
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that we electronically filed the foregoing pleading and served a true and correct copy of the foregoing pleading upon the following counsel via e-mail on March 29th 2016.

Mark S. Jaffe
THE JAFFE LAW FIRM
P.O. Box 809
Albuquerque, NM  87103-089
*msj01@aol.com*
**Attorneys for Plaintiff**

Susan G. Chappell
SUSAN G. CHAPPELL LAW FIRM
318 Walter Street NE
Albuquerque, NM  87102
*susangchappell.law@gmail.com*
**Attorney for Plaintiff**

Ann Maloney Conway
*amc@keleher-law.com*
Cassandra R. Malone
*crm@keleher-law.com*
KELEHER & MCLEOD, P.A.
Albuquerque, NM  87103
**Attorneys for Defendant Gilbert Jones**

JACKSON LEWIS P.C.

By: _____
4833-3407-6207