UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

TRACY DAVIS,

    Plaintiff,

    vs.

                                                      Case No. 15 CV 743 JAP/WPL

GARDNER TURFGRASS, INC. and
GILBERT JONES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

In Defendant Gilbert Jones's MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. No. 86), Defendant Jones asks the Court to dismiss three of the six claims Plaintiff Tracy Davis asserts against him in Plaintiff's FIRST AMENDED COMPLAINT FOR RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, FOR VIOLATION OF THE NEW MEXICO HUMAN RIGHTS ACT, BREACH OF EXPRESS AND/OR IMPLIED CONTRACT, AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY, PRIMA FACIE TORT, NEGLIGENT SUPERVISION, TRAINING, DISCIPLINE, HIRING AND RETENTION AND CONSPIRACY (Doc. No. 1-2 at 30) ("FAC"). Plaintiff concedes that the Court should dismiss her breach of contract claim (Count III) as asserted against Defendant Jones. *See* PLAINTIFF'S RESPONSE TO DEFENDANT JONES' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. No. 93) ("Response"). However, Plaintiff opposes the dismissal of her common law wrongful discharge claim (Count VI)[1] and her conspiracy claim (Count IX). *Id.* at 4-7. For the reasons discussed below, the Court will deny Defendant Jones's request to dismiss Plaintiff's wrongful discharge

---

[1] Plaintiff did not correctly (i.e. consecutively) number the Counts in the FAC. Nevertheless, to avoid confusion, the Court will refer to each Count with the numbers used in the FAC.

1

and conspiracy claims and will allow Plaintiff an opportunity to amend her complaint to support the wrongful discharge claim.

## Background

In February 2008, Plaintiff Tracy Davis began working for Defendant Gardner Turfgrass, Inc. ("GTI") as a part-time Administrative Technician in GTI's McIntosh, New Mexico office. (FAC ¶ 8.) In December 2008, Plaintiff was promoted to Office Manager. (*Id.*) Almost five years later, on September 9, 2013, GTI hired Defendant Gilbert Jones as Plaintiff's direct supervisor, the Farm Manager. (FAC ¶ 12.) Shortly after beginning work at the McIntosh location, Mr. Jones began using the "N word" in Plaintiff's presence. (FAC ¶¶ 13, 15-16.) Plaintiff repeatedly advised Mr. Jones that she considered the word offensive and asked Mr. Jones not to use the word in her presence. (FAC ¶ 14-16.) Things came to a head in November 2013, when Plaintiff wrote a letter to Mr. Jones reiterating, among other things, her concern about his use of the "N word" at the workplace. (FAC ¶ 25, FAC Ex. 1.) In relevant part the letter stated:

> Lastly, on a different subject, I have enjoyed a work place that was free of harassment, of any kind, for the past five years. I want the working environment to be as comfortable for me, and anyone else who works here, as it has been in the past. I have, on at least three occasions, asked you not to use the "N" word around me. I find it offensive and ugly. I realize you are using it in a humorous connotation, but it is offensive to me and I do not want to hear that word from anyone. Please stop using that word while you are around me.

(*Id.*) After reading Plaintiff's letter, Mr. Jones terminated Plaintiff's employment informing Plaintiff that he "could no longer be comfortable around her, after what she had said about him in her letter." (FAC ¶ 33.) While Mr. Jones was "bothered by the whole letter, . . . what really disturbed him was" Plaintiff's complaint about his use of the "N word." (FAC ¶ 34).

In Count I of the FAC, Plaintiff alleges that GTI and Mr. Jones violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, when they terminated Plaintiff's

employment in retaliation for complaining, orally and in writing, about Mr. Jones's repeated use of a racial slur. (FAC ¶¶ 47-56.) In Count II, Plaintiff asserts she was discharged in retaliation for her reports about Mr. Jones in violation of the New Mexico Human Rights Act (NMHRA) NMSA 1978 §§ 28-1-1 et seq. (FAC ¶¶ 57-68.) In Count III, Plaintiff claims that GTI breached an express or implied employment contract under which Plaintiff was promised: (1) that she would be discharged only for cause; (2) that all relevant factors would be considered in employment termination decisions; (3) that reports of workplace harassment would be investigated; and (4) that no adverse action would be taken against an employee who reported workplace harassment. (FAC ¶¶ 69-74.) In the next count, identified as Count VI, Plaintiff asserts a state law claim for wrongful discharge in violation of public policy. (FAC ¶¶ 75-80.) In Count VII, Plaintiff asserts a prima facie tort claim under state law. (FAC ¶¶ 81-82.) In Count VIII, Plaintiff asserts a claim against GTI under state law for negligent supervision, training, discipline, hiring, and retention of Mr. Jones. (FAC ¶¶ 83-90.) In Count IX, Plaintiff asserts a claim under state law for civil conspiracy to violate Plaintiff's employment contract rights, and her rights under Title VII and the NMHRA. (FAC ¶¶ 91-92.)

## Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Mata v. Anderson*, 760 F. Supp. 2d 1068, 1082 (D. N.M. 2009) (quoting *Park Univ. Enterpr., Inc. v. Am. Cas. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted)). "Any party may move for

judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice." *Id.*

Courts evaluate a motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Klaassen v. Univ. of Kan. Sch. of Medicine*, 84 F. Supp. 3d 1228, 1237 (D. Kan. 2015) (citing *Turner v. City of Tulsa,* 525 Fed. App'x 771, 772 (10th Cir. 2013)). Under that standard, a court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same." *Mata*, 760 F. Supp. 2d at 1083 (citing *Park Univ. Enterpr., Inc.*, 442 F.3d at 1244). Thus, a court may grant a motion for judgment on the pleadings when the factual allegations in the complaint fail to "state a claim for relief that is plausible on its face," or when an issue of law is dispositive. *Klaassen*, 84 F. Supp. 3d at 1237 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) and *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556)).

**Discussion**

**A. Breach of Contract (Count III)**

In the FAC, Plaintiff asserts a breach of contract claim against her former employer GTI and her former supervisor Defendant Jones. Defendant Jones moves to dismiss this claim on the basis that he was not a party to Plaintiff's employment contract. Plaintiff acknowledges that her breach of contract claim fails as a matter of law as asserted against Defendant Jones. Response at 8. The Court agrees that Plaintiff cannot assert a breach of contract claim against Defendant Jones and the Court will dismiss this claim with prejudice. *See Kreischer v. Armijo*, 1994-

NMCA-118, ¶¶ 4-5, 118 N.M. 671 (in general, a corporate agent cannot be held personally liable for the breach of a contract formed with the corporation).

## B. Wrongful Discharge (Count VI)

The New Mexico Supreme Court has significantly limited a plaintiff's right to bring a common law wrongful discharge claim against an individual co-worker or supervisor who is not the plaintiff's employer. *See Bourgeous v. Horizon Healthcare Corp.*, 994-NMSC-038, ¶ 11, 117 N.M. 434 (reasoning that only an employer can discharge and be liable for discharging an employee). Unless the record indicates that a supervisor, agent, or co-employee intentionally fired the plaintiff "solely for the supervisor, agent, or co-employee's own interest and therefore outside the scope of employment," that non-employer agent, supervisor, or co-employee cannot be held liable under New Mexico law for wrongful discharge. *Id.* ¶¶ 11-12.

Here, Defendant Jones argues that Plaintiff cannot maintain a wrongful discharge claim against him because Plaintiff "alleges that GTI authorized Mr. Jones' termination of her and she does not allege that Mr. Jones was acting outside the course and scope of his employment" in firing her. Motion at 5. Plaintiff counters that there are disputed facts "concerning whether Defendant Jones acted outside the scope of his employment" as evidenced by GTI's assertion that Defendant Jones's actions "arose from [his] wholly external, independent, or personal motive" and were not within the course and scope of his employment. Response at 4. Plaintiff further contends that her complaint plausibly supports a claim that Defendant Jones was acting outside the scope of his employment when he fired Plaintiff because he fired her for complaining about his own use of racial slurs. *Id.* at 5. In the REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. No. 103) ("Reply"), Defendant Jones stresses that, in support of her Title VII claim, Plaintiff alleged Defendant Jones was acting

5

within the scope of his employment when he fired Plaintiff. Defendant Jones argues that this allegation "should be taken as true" for the purposes of ruling on Defendant Jones's Motion. *Id.* at 4.

The Court finds it unnecessary to resolve this dispute. In her Response, Plaintiff alternatively requests permission to amend the FAC to correct the perceived deficiency in her wrongful discharge claim. Response at 7-8 (requesting permission to amend the complaint "to plead in the alternative that Defendant Jones was acting outside the scope of his employment"). The Court will grant this request.

Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave [to amend] when justice so requires." This rule embodies a preference for testing a plaintiff's claims on the merits. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of [Rule 15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.") (internal citation omitted). In accordance with this preference, a court should grant amendment under Rule 15(a)(2) unless there is some reason not to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter*, 451 F.3d at 1204. Whether amendment under Rule 15(a)(2) is proper in light of these considerations is within the sound discretion of the district court. *Id.*[2]

---

[2] After the amendment deadline set in the Court's scheduling order has expired, a plaintiff seeking leave to amend faces an additional burden; this plaintiff must both satisfy the requirements for amendment under Fed. R. Civ. P. 15(a) and demonstrate good cause for seeking modification of the scheduling order under Fed. R. Civ. P. 16(b)(4). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). In this case, however, the Court did not set a scheduling order deadline for amending the complaint. *See* ORDER SETTING PRETRIAL DEADLINES AND ADOPTING JOINT STATUS REPORT (Doc. No. 20). Consequently, the Court concludes that Plaintiff's motion to amend is governed solely by Fed. R. Civ. P. 15(a).

The only objection Defendant Jones raises to allowing Plaintiff to amend her complaint is procedural. Defendant Jones complains that Plaintiff failed to formally assert her request to amend in a separate motion and neglected to attach a copy of the proposed amended complaint to her request. Reply at 8. Under the circumstances of this case, these procedural failings do not present a bar to the Court granting Plaintiff's request. The Tenth Circuit Court of Appeals has held that "failure to file a formal motion [to amend] is not [necessarily] fatal" where the informal request to amend provides "readily apparent notice to opposing parties and to the court of both the desire to amend and the particular basis for the amendment." *Calderon v. Kansas Dep't of Soc. & Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Plaintiff's request to amend her complaint to add allegations to Count VI regarding Defendant Jones acting outside the scope of his employment satisfies this standard. Denying Plaintiff's request to amend on procedural grounds would be inefficient as the nature of the request is both simple and clear: Plaintiff wants to add allegations clarifying that she is asserting a common law wrongful discharge claim against Defendant Jones on the alternative theory that he was acting outside his employment when he fired Plaintiff. The Court sees no reason to deny this request or delay the proposed amendment.

Procedural dismissals of otherwise valid claims are disfavored. *Minter*, 451 F.3d at 1204. Here, allowing Plaintiff to amend her complaint will not prejudice Defendant Jones as he has had notice of Plaintiff's wrongful discharge claim since the commencement of the lawsuit. The equities tilt strongly in favor of allowing an amendment. Defendant is asking the Court to dismiss Plaintiff's wrongful discharge claim on a technicality. Defendant Jones does not attack the underlying merits of Plaintiff's wrongful discharge claim. Nor does Defendant Jones challenge the sufficiency of the factual allegations to support a finding that Defendant Jones was acting outside the scope of his employment when he fired Plaintiff. Instead, Defendant Jones

simply argues that the claim should not proceed because Plaintiff neglected to include alternative language in the complaint under Count VI alleging that Defendant Jones was acting outside the scope of his employment in firing Plaintiff. Because it is clear that there is a dispute regarding this issue, it would be unjust to dismiss Plaintiff's wrongful discharge claim on this basis. The Court will allow Plaintiff to amend her complaint to add alternative allegations in support of Count VI that Defendant Jones was acting outside the scope of his employment when he fired Plaintiff. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

### C.  Conspiracy (Count IX)

In the final section of his Motion, Defendant Jones argues that Plaintiff's conspiracy claim fails as a matter of law because she has failed to state any wrongful acts were carried out by either Defendant. This is the same argument Defendants set forth in their joint motion for judgment on the pleadings (Doc. No. 86). The Court will not address it twice and cautions Defendant Jones not to file duplicative motions. For the reasons stated in the MEMORANDUM OPINION AND ORDER addressing Defendants' joint motion, the Court declines to dismiss Plaintiff's conspiracy claim as asserted against Defendant Jones.

IT IS THEREFORE ORDERED THAT:

1. Defendant Gilbert Jones's MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. No. 86) is granted in part and denied in part.

2. By separate order, the Court will dismiss Plaintiff's breach of contract claim as asserted against Defendant Jones.

3. Plaintiff may filed an amended complaint by August 5, 2016 adding alternative allegations, in support of her wrongful discharge claim, that Defendant Jones was acting outside the scope of his employment when he fired Plaintiff.

_____
SENIOR UNITED STATES DISTRICT JUDGE